IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01943-PAB

CAROL MCCAFFREY,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

**ORDER**

This matter comes before the Court on plaintiff Carol McCaffrey's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Docket No. 22]. Defendant Carolyn W. Colvin (the "Commissioner") opposes an award of fees under the EAJA [Docket No. 23]. The Commissioner believes she was "substantially justified" in litigating this appeal. *Cf. Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) ("EAJA fees are assessed against the United States when its actions were not 'substantially justified.'") (citing 28 U.S.C. § 2412(d)(1)(A) (2006)).

"[A] claimant may seek to defray the cost of appealing from an agency decision to a court under the . . . [EAJA] fee shifting statute." *Wrenn,* 525 F.3d at 934. Under the EAJA, "'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., brought by or against the United States . . ., unless the court finds that the position of the United

States was substantially justified." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A) (2006) (omissions in original) (emphasis omitted)). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The Court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

The Court reversed and remanded the Commissioner's decision because the ALJ's RFC assessment was not based upon substantial evidence. Docket No. 18 at 23. Specifically, the ALJ failed to consider plaintiff's severe and nonsevere impairments in making his RFC findings. Docket No. 18 at 22. The consultative report of Dr. Lipson noted that plaintiff had a major depressive disorder with a Global Assessment Functioning ("GAF") score of 65, but described the condition as well controlled and creating only a mild level of impairment. R. at 325. Dr. Lipson concluded that plaintiff had no appreciable mental limitations and would have only mild deficits in understanding or remembering both simple and complex instructions. *Id.* Based on Dr. Lipson's findings, and the fact that plaintiff's previous loss of employment was not related to any mental infirmity, the ALJ, at step two, determined that plaintiff did not

2

suffer from a severe mental impairment and, at step four, found that plaintiff was capable of performing her past work during the relevant period. *Id.*

However, the ALJ failed to make any findings concerning what, if any, work-related limitations resulted from plaintiff's nonsevere depressive disorder, did not include any such limitations in his RFC finding, and, as a result, potential mental limitations were not presented in the ALJ's hypothetical question to the vocational expert ("VE"). Docket No. 18 at 21. Based upon the ALJ's hypothetical question, the VE concluded that plaintiff could return to her previous job of sales manager – a job which requires a Specific Vocational Preparation ("SVP") of eight, the ability to apply deductive reasoning, problem solving, memorization of information, and coordinating work activity between members of a work group. *Id.* at 23. The Court concluded that the ALJ erred in failing to address whether an individual with mild mental impairments could perform previous work requiring SVP-8. *Id.* The Court also found that the hypothetical question posed to the VE was similarly lacking and did not provide an adequate comparison of how plaintiff's capabilities during the relevant period affected her ability to perform her previous work. *Id.* at 23-24.

The Commissioner admits that the ALJ erred in failing to include or discuss plaintiff's nonsevere mental impairments in the RFC assessment or in hypothetical questions posed to the VE. Docket No. 23 at 5. The Commissioner argues that, "[b]ased on the VE's cross-examination testimony, it would be reasonable to conclude that the ALJ's failure to include Plaintiff's nonsevere mental limitations in the RFC determination, or in the hypothetical to the VE, did not prejudice Plaintiff." *Id.* In response, plaintiff argues that the Commissioner's admission constitutes a concession

that the ALJ's position during the agency proceeding was not substantially justified. Docket No. 24 at 3. Plaintiff also argues that the VE's testimony is insufficient to substantially justify the Commissioner's position during this litigation. *Id.* at 3-4.

An ALJ must "consider the limiting effects of all . . . impairment(s), even those that are not severe, in determining [the RFC]." 20 C.F.R. § 404.1545(e). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may–when considered with limitations or restrictions due to other impairments–be critical to the outcome of a claim." *SSR 96-8p*, 1996 WL 374184, at *5 (July 2, 1996). The ALJ relied on Dr. Lipson's opinion, which indicated that plaintiff would have mild deficits in understanding and remembering complex and simple instructions. R. at 230. Although the ALJ did not include such limitations in his hypothetical questions to the VE, plaintiff's counsel asked the VE whether someone with limitations on her ability to understand and remember instructions could perform plaintiff's previous work. R. at 445. The VE responded "I think there's so much variance from employer to employer, I, I'm really not comfortable answering that question." *Id.* Plaintiff's counsel then asked if someone with a mild limitation, such as a level two on a scale of one through five, in the ability to understand and remember simple and complex instructions would be able to perform the jobs of consumer complaint clerk and sales manager and the VE responded, "there would be little to no impact," even when the required SVP was between five and eight. *Id.* The VE also testified that, when working an SVP-8 job, the employee is expected to be on task during the entire time they are functioning in the job. R. at 446. The Commissioner admits that the ALJ erred in failing to include all of plaintiff's impairments in his RFC

finding and in hypothetical questions posed to the VE and the VE's testimony does not substantially justify such an error because the VE's testimony does not conclusively indicate whether the VE considered plaintiff's severe impairments in combination with her nonsevere impairments. *See* Docket No. 18 at 24; *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Thus, the Commissioner has failed to meet her burden of showing that her position during the agency proceedings had a "reasonable basis both in law and in fact." *See Underwood*, 487 U.S. at 565.

      The Commissioner also fails to show that her position in this litigation was substantially justified. The Commissioner appears to argue that, based upon the VE's testimony, she had a good faith basis to argue that the ALJ's error was harmless. Docket No. 23 at 5. The Commissioner did not, however, knowledge the ALJ's error or assert a harmless error argument in her response brief. Rather, the Commissioner argued that the ALJ posed a hypothetical question "that included all the limitations the ALJ ultimately included" in his RFC assessment and that the "ALJ could rely on the VE's testimony to find that Plaintiff could perform her past relevant work." Docket No. 15 at 19 (internal quotation marks omitted). Thus, the Court cannot conclude that the Commissioner's position in this litigation was substantially justified. As noted above, the VE's testimony is, by itself, insufficient to conclude that the ALJ's error was harmless, *see* Docket No. 18 at 24, and a failure to consider both severe and nonsevere impairments in an RFC finding requires remand. *See Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995); *Confere v. Astrue*, 235 F. App'x 701, 703-04 (10th Cir. 2007) (remanding because the ALJ's RFC reflected some of the limitations but not

others and the hypothetical did not include all of the limitations) (citing *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)).  The Commissioner fails to substantially justify her position during the agency proceedings and during this litigation; thus, the Court will award plaintiff reasonable attorney's fees.

Plaintiff requests an award for 20.8 hours expended by her attorney, Ann J. Atkinson, at an hourly rate of $180.23.  Docket No.  22 at 4.  Plaintiff also requests an additional two hours for time Ms. Atkinson spent preparing her reply brief.  Docket No. 24 at 4.

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The Court finds that the hours claimed are reasonable, including those hours spent litigating the instant motion for attorney's fees under the EAJA.  *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 166 (1990) ("Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute.").  The parties have stipulated to Ms. Atkinson's hourly rate, Docket No. 22 at 4 n.2, and the Court otherwise finds Ms. Atkinson's claimed hourly rate reasonable for an attorney of similar qualifications and experience.  In light of the hours worked and the fact that the Commissioner does not dispute the amount of fees requested, the Court concludes that an attorney's fee of $4,109.24 is reasonable.

Pursuant to plaintiff's assignment of any EAJA fees to her attorney, Docket No. 22-1 at 1, plaintiff requests that the fee award be made payable to Ms. Atkinson.

Docket No. 22 at 5.  Plaintiff cites no legal authority in support of her position.  An EAJA attorney fee award is payable only to plaintiff, not to plaintiff's attorney.  *See Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007).  "The private contractual agreement between [plaintiff] and [her] counsel is a collateral matter, which the district court [is] not required to address when considering the EAJA fees motion."  *See Hall v. Astrue*, 272 F. App'x 701, 702 (10th Cir. 2008) (unpublished) (affirming payment of fee award to plaintiff despite plaintiff's assignment of fee award to counsel); *accord Knight v. Astrue*, No. 08-cv-02498-CMA, 2011 WL 4382541, at *4 (D. Colo. Sep. 19, 2011).  The Court will not order that plaintiff's fee award be made payable to Ms. Atkinson.

Accordingly, it is

**ORDERED** that Plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [Docket No. 22] is **GRANTED**.  It is further

**ORDERED** that the EAJA attorney fee award shall be made payable to plaintiff and mailed to plaintiff's attorney.  It is further

**ORDERED** that, if it is determined upon effectuation of this Order that plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and the Commissioner agrees to accept the assignment, the fee awarded herein shall be made payable to plaintiff's attorney.  If there is such a debt, any fee remaining after offset will be payable to plaintiff and delivered to plaintiff's attorney.

DATED January 28, 2015.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge